UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION


FILED
NOV 10 2008

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| B-Y WATER DISTRICT,<br>a South Dakota Water User District,<br><br>Plaintiff,<br><br>-vs-<br><br>CITY OF YANKTON,<br>a South Dakota Municipality,<br><br>Defendant. | CIV. 07-4142<br><br>MEMORANDUM OPINION<br>AND ORDER REGARDING<br>EXPERT REPORT |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court are Defendant's motion to strike the supplemental report of Dr. Bruce Fairchild or alternatively for a modified scheduling order, (doc. 66), and Plaintiff's motion to deny oral argument on Defendant's motion (doc. 72). For the following reasons, Defendant's motion will be denied and Plaintiff's motion will be granted.

Plaintiff, B-Y Water District ("B-Y") provides water to its customers, including those within the three-mile area surrounding the boundaries of Defendant, City of Yankton ("Yankton"). B-Y filed this lawsuit against Yankton alleging that the city has commenced a series of annexations that directly curtail, and threaten to curtail in the future, B-Y's customer base and service territory. B-Y's Complaint seeks injunctive, declaratory and monetary relief. The case is scheduled for a court trial on December 16, 2008.

Dr. Bruce Fairchild is an expert witness for B-Y. Pursuant to the Court's Scheduling Order and the parties' stipulation to extend expert deadlines, Dr. Fairchild submitted his initial report on April 1, 2008. This report included a damages calculation based on the costs incurred by B-Y customers allegedly having to pay higher rates due to Yankton's incursion into B-Y's service territory. On June 19, 2008, Yankton submitted the report of its expert, Dr. Karl Egge. Dr. Egge

opined that the damages claimed by B-Y should be claimed by B-Y's customers, not B-Y itself. On July 23, 2008, Dr. Fairchild submitted a rebuttal to Dr. Egge's report, again basing B-Y's damages on the higher rates paid by B-Y's customers. On July 24, 2008, Yankton took Dr. Fairchild's deposition. On July 31, 2008, five months after B-Y served its interrogatories requesting customer information, Yankton produced a list of 500 customers in the annexed area and the dates Yankton began providing water to those customers. On September 30, 2008, B-Y served a supplement to Dr. Fairchild's report. A portion of the supplemental report revises Dr. Fairchild's initial damage calculation based on costs incurred by B-Y members. Another portion of the report includes a damage calculation based on B-Y's lost profits. Yankton filed its motion to strike the supplemental report. Shortly thereafter, B-Y offered to provide Dr. Fairchild for another deposition, but Yankton refused the offer, choosing instead to proceed with efforts to strike Dr. Fairchild's supplemental report.

Yankton does not dispute the fact that, after Dr. Fairchild had prepared and submitted his initial and rebuttal reports, Yankton produced to B-Y the list of approximately 500 customers that it was serving water to in the annexed areas. Yankton does not deny that this information required Dr. Fairchild to recalculate B-Y's damages. Rule 26(e)(2) requires a party to supplement its experts' reports and deposition testimony when the party learns of new information. The parties agree that most of Dr. Fairchild's September 30 report legitimately supplements his initial damage calculations. Yankton takes issue only with the portion of Dr. Fairchild's report calculating B-Y's damages based upon lost profits because his earlier reports did not mention lost profits as an item of damages. B-Y contends that it was reasonable for Dr. Fairchild to do the lost profit calculation after Yankton produced the customer information necessary for that calculation. Yankton asserts that Dr. Fairchild could have performed a lost profit analysis using a previously disclosed lower number of customers, thus putting Yankton on notice that lost profits was an issue in this case.

The arguments of both parties have merit. Dr. Fairchild did not mention damages for B-Y's lost profits until after discovery was complete. On the other hand, Yankton did not produce some information relevant to Dr. Fairchild's damage opinions until after his reports were completed and his deposition had been taken. This does not appear to be an attempt by B-Y to circumvent the full

2

disclosure requirements of Rule 26, or to surprise Yankton with claims and issues that should have been raised earlier. B-Y has offered to provide Dr. Fairchild for another deposition and there is plenty of time for Yankton to verify or challenge Dr. Fairchild's opinion on B-Y's lost profits prior to the court trial on December 16, 2008. That would alleviate Yankton's concern that it cannot "adequately inquire as to the validity of B-Y's newly calculated and disclosed determination of damages." (Doc. 67 at p. 8.) Under these circumstances, it would not be reasonable to impose one of the most extreme sanctions available under Rule 37(c)(1) for untimely disclosure of an expert opinion, which is exclusion of trial testimony on that issue. *See Tenbarge v. Ames Taping Tools Sys., Inc.*, 190 F.3d 862, 865 (8th Cir. 1999) ("Sanctions may include exclusion of the testimony, a continuance to allow depositions to be taken, or the grant of a new trial.") *Cf. Dunning v. Bush*, 536 F.3d 879 (8th Cir. 2008) (reversing the district court's sanction disallowing a supplemental expert report because the defendants were not prejudiced and the district court "should have considered a lesser sanction, if any, before imposing one that resulted in the dismissal of a claim"). Instead, the Court will extend the deadline for expert witness discovery and allow Yankton to depose Dr. Fairchild.[1] Accordingly,

IT IS ORDERED:

1. That the Defendant's Motion to Strike the Supplemental Expert Report of Dr. Fairchild, doc. 66, is denied.

2. That Plaintiff's Request to Deny Oral Argument on Defendant's Motion to Strike, doc. 72, is granted; and

3. That all expert witness discovery shall be completed by December 1, 2008.

---

[1] In its Reply Brief, Yankton for the first time asks for a continuance of the trial date and payment of costs, including attorney's fees and expert fees, for the time Yankton must take to address B-Y's claim for lost profits. Because these requests were not made in Yankton's initial brief, B-Y has not had an opportunity to respond to them, and the Court does not believe such sanctions are appropriate at this time. The denial of the request for a new trial date is without prejudice to Defendant renewing that motion if a showing of prejudice to Defendant is made.

Dated this 10th day of November, 2008.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Brenda M. Ziegler
(SEAL)                DEPUTY

4