FILED

DEC 10 2008

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| B-Y WATER DISTRICT, <br> a South Dakota Water User District, | \* <br> \* <br> \* <br> \* | CIV. 07-4142 |
| Plaintiff, | \* <br> \* | AMENDED <br> MEMORANDUM OPINION |
| -vs- | \* <br> \* <br> \* | AND ORDER REGARDING <br> EXHIBITS |
| CITY OF YANKTON, <br> a South Dakota Municipality, | \* <br> \* <br> \* | |
| Defendant. | \* <br> \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Defendant's Objections to Plaintiff's Pretrial Disclosures. (Doc. 84.) Defendant asks the Court to prohibit Plaintiff from using the exhibits Plaintiff has marked as No. 14 and No. 18 for trial. Defendant claims paragraph four of exhibit 14 and the entirety of exhibit 18 are protected by the attorney-client privilege. As explained in the Affidavit of Michael F. Tobin, counsel for Defendant, he inadvertently produced those documents in discovery and only became aware of the mistake when counsel for Plaintiff began asking questions about the documents during a deposition. During the deposition, when Mr. Tobin realized Plaintiff's lawyer had the documents in his possession, Mr. Tobin immediately objected, stated on the record that the disclosures were inadvertent and accidental, and confirmed that Yankton was not waiving its attorney-client privilege.

Today, Plaintiff B-Y Water District ("B-Y") filed a Motion to File Confidential Information and Plaintiff's Response to Defendant city of Yankton's Amended List of Exhibits and Reply to Defendant's Objections to Plaintiff's Pretrial Disclosures.

In 2006, a new provision was added to Federal Rule of Civil Procedure 26(b)(5) dealing with inadvertent disclosure of privileged information during discovery:

> **(B)** *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

FED.R.CIV.P. 26(b)(5)(B). On September 19, 2008, the President signed into law Public Law 110-322, creating Federal Rule of Evidence 502 entitled "Attorney-Client Privilege and Work Product; Limitations on Waiver." The rule became effective and applies "in all proceedings commenced after the date of enactment of this Act [September 19, 2008] and, insofar as is just and practicable, in all proceedings pending on such date of enactment. *Id.* None of the pleadings from either of the parties have mentioned or otherwise addressed Rule 502. Rule 502 provides, in relevant part:

> (b) INADVERTENT DISCLOSURE.—When made in a Federal proceeding or to a Federal office or agency, the disclosure does not operate as a waiver in a Federal or State proceeding if:
> (1) the disclosure is inadvertent;
> (2) the holder of the privilege or protection took reasonable steps to prevent disclosure; and
> (3) the holder promptly took reasonable steps to rectify the error, including (if applicable) following Federal Rule of Civil Procedure 26(b)(5)(B).

FRE 502.

The Court has received and reviewed copies of exhibits 14 and 18 and finds that the information in exhibit 18 and in paragraph four of exhibit 14 is protected by the attorney-client privilege. The Affidavit of Michael Tobin shows that counsel for Yankton took steps to prevent disclosure of the information, including redacting paragraph 4 of exhibit 14, and he is not sure how the mix-up occurred resulting in the unredacted copy of exhibit 14 and a copy of exhibit 18 being produced to B-Y. Yankton has produced over 3,380 pages of documents in the course of this

litigation, and exhibits 14 and 18 total only three pages. The partial deposition transcript attached to Mr. Tobin's affidavit reveals that Yankton immediately asserted its privilege when the two documents were referenced during a deposition on July 15, 2008, the first time that counsel for Yankton realized he may have accidently produced the privileged information. The Court is satisfied that the disclosure of the privileged information by Yankton's lawyer was inadvertent, and the privilege has not been waived by Yankton. Accordingly,

IT IS ORDERED:

1. That Defendant's objection to trial exhibits 14 and 18 is sustained, and Plaintiff cannot use exhibit 18 or paragraph four of exhibit 14 at trial. Pursuant to Rule 26(b)(5)(B), Plaintiff shall promptly return the documents, and any copies it has, to counsel for Defendant.

2. That Plaintiff's Motion to File Confidential Information (doc. 87) is granted and docket 88 and its attachments shall be sealed until further order of the Court.

Dated this 10th day of December, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY
(SEAL) DEPUTY

3